IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CARNELL WILLIAMS | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | |
| | : | |
| DAVID DIGUGLIELMO, ET AL. | : | NO. 08-4160 |

**MEMORANDUM**

**Padova, J.** May 20, 2010

Before the Court is Carnell Williams' Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. On September 28, 2009, United States Magistrate Judge Lynne A. Sitarski filed a Report and Recommendation that recommended denying the Petition in its entirety. Petitioner has filed objections to the Report and Recommendation. For the reasons that follow, we overrule Petitioner's objections, adopt the Report and Recommendation as set forth herein, and dismiss the Petition with prejudice.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On February 25, 1998, following a bench trial, Petitioner, an adult, was convicted of four counts of robbery, one count of conspiracy, and one count of possession of a prohibited weapon. Commonwealth v. Williams, No. 1620 EDA 2006, slip. op. at 2 (Pa. Super. Ct. Apr. 30, 2007). His conviction arose from the February 25, 1997 armed robbery of four high school students who were sitting in a car parked at their high school prior to the start of the school day. Id. at 1. Petitioner and an accomplice, Rashad Allen, parked their car immediately behind their victims' car. Id. Allen exited Petitioner's car "brandishing a sawed-off shotgun and ordered the students to get out of their car."[1] Id. at 2. While Allen held pointed the firearm at the students, Petitioner demanded that they

---

[1] The firearm used in the incident was identified at Allen's plea/sentencing hearing as a sawed-off .22 caliber rifle. See Commonwealth v. Allen, No. 1386, March Term, 1997, Tr. at 6

"immediately turn over their valuables and ripped a gold chain from the neck of one of the students." Id. Petitioner and Allen both threatened to kill the students if they did not comply with their demands. Id. Once Petitioner had taken the students' possessions, he and Allen left in Petitioner's car. Id. They were arrested shortly thereafter and the firearm used in the robbery and a beeper belonging to one of the victims were recovered from Petitioner's car. Id. Two of the victims identified Petitioner and Allen at the scene of the arrest. Id. In sentencing the Petitioner, the trial judge imposed the maximum term of imprisonment for each count, and ordered that each term be served consecutively, resulting in a total sentence of forty-seven and one-half to ninety-five years imprisonment. Id. at 2-3. Allen, a juvenile, was charged with the same offenses as Petitioner, but negotiated a plea agreement. Commonwealth v. Allen, No. 1386, March Term, 1997, Tr. at 2. (Phila. C.C.P. Sept. 12, 1997). Pursuant to that agreement, Allen was convicted of all six counts and sentenced to 4-10 years of imprisonment on each robbery count, 4-10 years on the conspiracy count, and 2 ½ to 5 years on the firearms count, to be served concurrently, resulting in a total sentence of 4-10 years of imprisonment. Id. at 2, 9-10.

Petitioner did not file a motion for reconsideration of his sentence or a timely direct appeal. Williams, slip. op. at 3. He filed an untimely notice of appeal *pro se*, which was denied. Id. He then filed a timely petition under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46, seeking the restoration of his appellate rights on the ground that his counsel was ineffective for failing to file a direct appeal. Williams, slip op. at 3. The PCRA court appointed counsel and granted Petitioner the right to file an appeal *nunc pro tunc*. Id. Petitioner's counsel filed the appeal but failed to file a brief in support, and the appeal was denied. Id. Petitioner then filed another

---

(Phila. C.C.P. Sept. 12, 1997).

PCRA petition, new counsel was appointed, and Petitioner's appellate rights were again reinstated. Id. at 3-4. Petitioner's new appellate counsel failed to perfect his appeal, which was dismissed. Id. at 4. Petitioner subsequently filed his third PCRA petition, alleging that his trial counsel was ineffective for failing to request a reconsideration of his sentence. Id. The PCRA court again appointed counsel and granted Petitioner the right to file an appeal *nunc pro tunc*. Id. Petitioner's third appellate counsel filed a timely appeal raising the following issues: (1) whether the trial judge imposed an unreasonable sentence in violation of Pennsylvania's sentencing guidelines; (2) whether the trial judge abused his discretion by imposing an unduly harsh and unreasonable sentence; and (3) whether the trial judge erred in sentencing because he believed that he was obligated to impose sentences of ten to twenty years on each robbery count pursuant to 42 Pa. Cons. Stat. Ann. § 9714.[2] Id. The Superior Court affirmed Petitioner's sentence, concluding that it did not violate Pennsylvania's sentencing guidelines; the trial judge did not abuse his discretion in imposing the sentence; and the trial judge did not sentence Petitioner pursuant to 42 Pa. Cons. Stat. Ann. § 9714. Id. at 9-16. Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on October 23, 2007. Commonwealth v. Williams, 934 A.2d 1277 (Pa. 2007).

Petitioner filed the instant Petition on August 27, 2008. He raises four claims for relief: (1) he is innocent of the sentence imposed; (2) his sentence was imposed in violation of due process because it was based on mistaken facts; (3) his sentence is so grossly excessive that it violates substantive due process and comprises a cruel and unusual punishment; and (4) his sentence violates due process because it is grossly disparate with the sentence imposed on Allen. Petitioner

---

[2] Section 9714 provides for the imposition of mandatory sentences for second and subsequent offenses involving crimes of violence. 42 Pa. Cons. Stat. Ann. § 9714.

acknowledges that these claims are procedurally defaulted because he failed to exhaust them in state court. (Pet. at 8C-8E.) Petitioner contends that we may reach these claims despite his procedural default because he is actually innocent of his sentence. The Magistrate Judge recommends that Petitioner's procedural default is not excused by actual innocence in this case and, accordingly, that the Petition should be dismissed. The Magistrate Judge also recommends that Petitioner has failed to prove his entitlement to the writ with respect to any of his three other claims for relief. Petitioner objects to all of the Magistrate Judge's recommendations.

## II. STANDARD OF REVIEW

Where a habeas petition has been referred to a magistrate judge for a Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. . . . [The Court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## III. DISCUSSION

Petitioner objects to the Magistrate Judge's recommendation that he has procedurally defaulted the claims raised in the instant Petition and that we are consequently unable to review those claims. "[H]abeas petitioners must exhaust available state remedies before seeking relief in federal court . . . ." Cone v. Bell, ___ U.S. ___, 129 S. Ct. 1769, 1780 (2009); see also 28 U.S.C. § 2254(b)(1)(A). "A claim is exhausted if it was 'fairly presented' to the state courts." Nara v. Frank, 488 F.3d 187, 197 (3d Cir. 2007) (citations omitted). A state prisoner fairly presents his federal claim by presenting "the same factual and legal basis for the claim to the state courts." Id. at 198 (citing Duncan v. Henry, 513 U.S. 364, 366 (1995) ( per curiam)). Once he has fairly presented his

claims, "a state prisoner must 'give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" Id. at 197 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and citing Woodford v. Ngo, 548 U.S. 81, 92-93 (2006)). Petitioner did not raise his federal claims in state court (Pet. at 8C) and, accordingly, has not exhausted them.

Failure to exhaust may be excused if the petitioner's claims are procedurally barred under state rules. Stevens v. Del. Corr. Ctr., 295 F.3d 361, 369 (3d Cir. 2002) (citing Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002)); see also 28 U.S.C. § 2254(b)(1)(B)(I) (excusing the exhaustion requirement if "there is an absence of available State corrective process"). In this case, Petitioner cannot raise his federal claims in state court without filing another PCRA petition. See Flamer v. Coleman, Civ. A. No. 08-3127, 2009 WL 2996472, at *9 (E.D. Pa. Sept. 17, 2009) (citing Szuchon v. Lehman, 273 F.3d 299, 324 n.14 (3d Cir. 2001), and Lines v. Larkins, 208 F.3d 153, 164 & n.17 (3d Cir. 2000)). It would, however, be futile for Petitioner to file such a petition at this time because it would be time-barred by the PCRA's statute of limitations, which requires a PCRA petition to be filed within one year after the petitioner's judgment becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b). We find that Petitioner's federal claims are procedurally barred by state rules and that his failure to exhaust these claims is excused.

Excusing Petitioner's failure to exhaust his federal claims does not, without more, allow us to proceed to the merits of those claims. Lines, 208 F.3d at 160 (citing McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999). "Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits unless the petitioner 'establishes cause and prejudice or a fundamental miscarriage of justice' to excuse the default.'" Id.

5

(quoting McCandless, 172 F.3d at 260, and citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)). In order to establish cause and prejudice excusing his default, "'a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements.'" Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir. 2004) (quoting Coleman, 501 U.S. at 753). Petitioner has not asserted any cause excusing his state procedural default. "'To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime . . . by presenting new evidence of innocence.'" Id. (quoting Keller v. Larkins, 251 F.3d 408, 415-16 (3d Cir. 2001)). A petitioner demonstrates his actual innocence by persuading "'the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 420 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Petitioner has not submitted new evidence of his innocence, contending that this requirement does not apply to cases involving a first, rather than a second or successive, habeas petition. Petitioner is wrong. The Supreme Court has stated that a petitioner seeking to establish a fundamental miscarriage of justice must "'support his allegations of constitutional error with *new reliable evidence* -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.'" Sweger v. Chesney, 294 F.3d 506, 523 (3d Cir. 2002) (quoting Schlup, 513 U.S. at 324). Indeed, "[n]ew reliable evidence is almost always required to establish actual innocence." Id. (footnote omitted); see also Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d Cir. 2004) (applying new evidence requirement to actual innocence claim made in first habeas petition). The only exception to the new evidence requirement that has been recognized by the Third Circuit applies where the statute under which a petitioner has been convicted has been reinterpreted "to require more conduct than was allegedly committed." Cristin, 281 F.3d

at 421. Petitioner does not contend that this exception applies to him. Consequently, Petitioner's failure to submit new evidence in support of his claim of actual innocence is fatal to that claim.

Moreover, Petitioner does not contend that he is actually innocent of the crimes of which he was convicted. He maintains, instead, that he is actually innocent of his sentence. The Supreme Court has extended the actual innocence exception beyond actual innocence of the crime itself to actual innocence of the sentence in connection with the death penalty. The Supreme Court has determined, with respect to capital cases, that a petitioner may establish a miscarriage of justice if he can show that he is innocent of either the capital crime or the aggravating circumstances supporting the imposition of the death penalty. See Sawyer v. Whitley, 505 U.S. 333, 345, 347 (1992). "To qualify for this exception, a petitioner 'must show by clear and convincing evidence that no reasonable juror would have found him eligible for the death penalty in light of the new evidence.'" Johnson v. Pinchak 392 F.3d 551, 564 (3d Cir. 2004) (quoting Calderon v. Thompson, 523 U.S. 538, 560 (1998)).

The Supreme Court has thus far declined to extend the actual innocence exception to noncapital sentences. See Dretke v. Haley, 541 U.S. 386, 393 (2004) ("We are asked in the present case to extend the actual innocence exception to procedural default of constitutional claims challenging noncapital sentencing error. We decline to answer the question in the posture of this case . . . ."). The Third Circuit has not yet considered whether the actual innocence exception applies to procedural default of claims alleging errors in a noncapital sentence. See Cristin, 281 F.3d at 422 ("We need not venture into the thicket of whether Sawyer's rationale applies with equal validity to non-capital sentencing . . . ."). The Courts of Appeal that have decided this issue are split and two of the three Circuits that apply the exception to non-capital cases limit its application to eligibility

7

for sentencing as a career or habitual offender. Compare Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 171 (2d Cir. 2000) (stating that "there is no reason why the actual innocence exception should not apply to noncapital sentencing procedures"); Haley v. Cockrell, 306 F.3d 257, 264 (5th Cir. 2002) (holding that "the actual innocence exception applies to noncapital sentencing procedures involving a career or habitual felony offender"), vacated and remanded on other grounds, Dretke, 541 U.S. 386; and United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999) (determining that the actual innocence exception "applies in non-capital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision" (discussing United States v. Maybeck, 23 F.3d 888, 892-94 (4th Cir. 1994))); with Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997) ([W]e think that Sawyer, in terms, applies only to the sentencing phase of death cases."); and Reid v. Oklahoma, 101 F.3d 628, 630 (10th Cir. 1996) (stating that "'[a] person cannot be actually innocent of a noncapital sentence'" (quoting United States v. Richards, 5 F.3d 1369, 1371 (10th Cir.1993))).

The Third Circuit has instructed that "the actual innocence exception to the unreviewability of procedurally defaulted claims should be applied only in the rarest of cases." Hubbard, 378 F.3d at 338 (citing Dretke, 541 U.S. at 393). Since the Third Circuit has not extended the actual innocence exception to procedurally defaulted claims of constitutional error in noncapital sentences, we decline to do so in this case, as Petitioner has submitted no new evidence that he is actually innocent of his noncapital sentence and would thus be ineligible for the exception.

**IV.    CONCLUSION**

For the above stated reasons, we conclude that Petitioner's procedural default is not excused by new evidence of his actual innocence. We adopt the Magistrate Judge's Report and

Recommendation with respect to Petitioner's claim that he is actually innocent of his sentence. As Petitioner's remaining federal claims are all procedurally defaulted, we may not consider the merits of those claims. Lines, 208 F.3d at 160. The Petition is, accordingly, dismissed with prejudice. Since we cannot review the merits of Petitioner's remaining federal claims, we need not address his objections to the Magistrate Judge's recommendations that he had failed to establish his entitlement to the writ in connection with those claims.

      An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

_____
John R. Padova, J.